Case 4:01-cv-04153 Document 19 Filed on 06/12/02 in TXSD Page 1 of 2

United States Courts
Southern District of Texas
ENTERED

JUN 17 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY MARTIN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-01-4153 |
| versus | § | |
| | § | |
| ALLIEDSIGNAL, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant's Motion to Recall Remand Order. Based on the parties' submissions, this Court is of the opinion that the Motion should be **GRANTED.**

On February 8, 2002, at the close of the hearing on remand issues, this Court ordered that the claims in the asbestos friction cases against Honeywell, the Auto Makers, and other defendants be remanded based on the Fifth Circuit's holding in *Arnold v. Garlock, Inc.,* No. 01-41327 *et al.*, 2001 U.S. App. LEXIS 27375 (5th Cir. Dec. 28, 2001) and the remand decision announced from the bench earlier that day by the Federal District Court for the District of Delaware. The District Court in Delaware that remanded these cases on February 8, 2002 had previously provisionally transferred these cases and other cases from around the country to itself on December 10, 2001, and January 3, 2002.

On March 8, 2002, the Fifth Circuit issued an opinion in *In Re Daimler Chrysler Corp, et. al,* No. 02-10029 *et al.* (5th Cir., Mar. 8, 2002), in which it granted five petitions for writs of mandamus challenging the remand orders issued by the Northern District of Texas in other asbestos friction cases, which were also provisionally transferred to the Federal District Court for the District



of Delaware. The Fifth Circuit held that "because the Delaware court had provisionally transferred these cases to itself and the district court in Texas was bound by this transfer order, the district court here did not have jurisdiction in remanding these cases, and its remand was without any effect." Pursuant to the Fifth Circuit's ruling, this Court did not have jurisdiction to remand the asbestos friction cases before it on February 8th and accordingly, the remand orders are **RECALLED** and the Courtroom Minute Docket Entry from the February 8, 2002 hearing is **SET ASIDE.**

On February 8, 2002, the Delaware Court found that it did not have subject matter jurisdiction over the transferred cases and ordered them remanded to the state courts from which they were removed. Because these cases had been transferred to Delaware, they are subject to that court's order which is on appeal to the Third Circuit. Thus, these asbestos friction cases are now before the U.S. Court of Appeals for the Third Circuit.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 12th day of June, 2002, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**